REGAN, Judge.
The plaintiff, Montague, Inc., filed this suit against the defendants, Mr. and Mrs. Raymond E. Lytell, endeavoring to recover the sum of $1,279.05[1] representing the balance due on a contract for the construction of a bulkhead around a boathouse foundation in Bayou Powell near Lacombe, Louisiana.
The defendants answered and therein insisted that the plaintiff failed to perform the task in conformity with their agreement and that the work which was done was defective and actually unfit for the purpose for which it was intended.
They then reconvened in an effort to recover the sum of $2,475.00 which they assert was the estimated cost of removing the defective work and erecting the bulkhead, foundation, and boat slip as it should have been constructed by the plaintiff.[2]
Following a trial on the merits, a judgment was rendered in favor of the plaintiff, *563 as prayed for, and against the defendants, in the amount of $1,279.05, together with interest and attorney’s fees.
From that judgment, the defendants have prosecuted this appeal.
The record reveals that on September 17, 1962, the plaintiff entered into an agreement with the defendants to construct a boathouse foundation around which was to be erected a 72 foot bulkhead. From this point onward, the evidence adduced herein discloses a maze of contradictions.
On the one hand, the plaintiff proved with that certainty required by law that with minor exceptions he substantially complied with the plans and specifications enumerated in the contract. In addition thereto, the evidence is reasonably clear to the effect that there was an offer on the part of the plaintiff to correct any deficiencies which may have existed in his work.
On the other hand, the defendants have laboriously endeavored to prove that the work performed by the plaintiff was worthless and absolutely unfit for the purpose intended and contemplated by their agreement.
From this conflicting evidence, the lower court concluded that the plaintiff had substantially complied with the obligation incurred by him and rendered judgment ac-accordingly.
The foregoing illucidation discloses that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of the manner in which the bulkhead, foundation, and boat slip were constructed, and, therefore, reasoned that the plaintiff’s work amounted to a substantial performance of the contract.
The only question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the degree of proficiency exercised by the plaintiff in the construction of the defendants’ boat slip. The trial judge obviously accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed

. Plaintiff also sought 8% interest from January 31, 1963, together with 30% attorney’s fees.

. Pending tlie trial of this matter, the defendants sold the property to which the boat slip was an appurtenance; therefore, they have abandoned their reconventional demand.